1
2
3
4        JS-6
5
6
7
8
9
10
11
12              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
13                    WESTERN DIVISION

14  | SETH HUBERMAN, on behalf of | Case No. 2:05-cv-07352-R(Ex) |
15  | himself and the certified class, | |
    | | CLASS ACTION |
16  | Plaintiffs, | |
17  | vs. | |
18  | TAG-IT PACIFIC, INC., COLIN | |
19  | DYNE, MARK DYNE, RONDA | |
    | FERGUSON and AUGUST F. | |
20  | DELUCA, | |
    | Defendants. | |

21
22           **ORDER AND FINAL JUDGMENT**

23        WHEREAS, pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of

24  Civil Procedure and by Order dated June 19, 2009, this Court certified the Action

25  to proceed as a class action on behalf of the class consisting of all persons and

26  entities who purchased or otherwise acquired Tag-It common stock on the open

27  market between March 28, 2003 and August 22, 2005, inclusive (the "Class

28     Order and Final Judgment              Case No. 2:05-cv-07352-R(Ex)

Period") and who were damaged thereby (the "Class") (excluding (i) Defendants; (ii) members of the immediate family of each of the Individual Defendants; (iii) any subsidiary or affiliate of Tag-It; (iv) the directors, officers, managing directors, principals and partners of Tag-It; (v) any entity in which any excluded person has a controlling interest; and (vi) the legal representatives, heirs, successors and assigns of any such excluded person); and

WHEREAS, this matter came before the Court for hearing pursuant to the Order of this Court, dated August 24, 2009, on the application of the Parties for final approval of the Settlement set forth in the Stipulation of Settlement dated as of July 31, 2009.

WHEREAS, on the 7th day of December, 2009, a hearing having been held before this Court : (1) to determine whether the terms and conditions of the Stipulation and the Settlement provided for therein are fair, reasonable, and adequate for the settlement of the claims asserted by the Class against the Defendants in the Class Action Complaint in the Action (the "Complaint") now pending in this Court under the above caption, including the release of the Released Claims against the Released Persons, including Defendants and the Related Parties, and whether the Settlement should be approved; (2) to approve the Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund's proceeds among the members of the Class; (3) to determine the amount to award Plaintiffs' Counsel for attorneys' fees, reimbursement of expenses and other awards; (4) to determine the amount to award Lead Plaintiff pursuant to the Private Securities Litigation Reform Act; and (5) to enter judgment dismissing the Complaint with prejudice in favor of the Defendants and as against all persons or entities who are members of the Class herein who have not previously and effectively requested exclusion therefrom; and the Court having considered all matters submitted to it at the hearing and otherwise; and

1    WHEREAS due and adequate notice having been given to the Class as
2    required in the Order for Notice and Hearing, entered on August 24, 2009, it
3    appearing that a notice of the hearing in all material respects in the form approved
4    by the Court, the Notice of Pendency and Proposed Settlement of Class Action and
5    Settlement Hearing ("Notice") and Proof of Claim Form ("Proof of Claim") was
6    mailed to all persons or entities reasonably identifiable, who purchased the
7    common stock of Tag-It Pacific, Inc. (now known as Talon International, Inc.)
8    ("Tag-It") on the open market between March 28, 2003 and August 22, 2005,
9    inclusive (the "Class Period"), as shown by the records of Tag-It's transfer agent,
10   at the respective addresses set forth in such records, and that a summary notice of
11   the hearing in all material respects in the form approved by the Court was
12   published in Investors' Business Daily, pursuant to the Order of the Court; and

13   WHEREAS, the Court having considered all papers filed and proceedings
14   had herein and otherwise being fully informed; and

15   WHEREAS the Court having considered and determined the fairness,
16   reasonableness and adequacy of the Settlement and of the award of attorneys' fees,
17   expenses and other awards requested; and good cause appearing therefore;

18   NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

19        1.    This Order and Final Judgment ("Judgment") incorporates by
20   reference the definitions in the Stipulation and all terms used herein shall have the
21   same meanings as set forth in the Stipulation.

22        2.    The Court has jurisdiction over the subject matter of the Action, the
23   Lead Plaintiff, all Class Members, and the Defendants.

24        3.    The Court reiterates its prior order certifying this action as a class
25   action and finds that the prerequisites for a class action under Rules 23(a) and
26   (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the
27   number of Class Members is so numerous that joinder of all members thereof is
28   impracticable; (b) there are questions of law and fact common to the Class; (c) the

Order and Final Judgment          -3-          Case No. 2:05-cv-07352-R(Ex)

claims of the Court appointed Class Representative, Seth Huberman, are typical of the claims of the Class he represents; (d) the Class Representative has and will continue to fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all persons and entities who purchased or otherwise acquired Tag-It Pacific, Inc. (now known as Talon International, Inc.) ("Tag-It") common stock on the open market during the period between March 28, 2003 and August 22, 2005, inclusive, and who were damaged thereby.  Excluded from the Class are (i) Defendants; (ii) members of the immediate family of each of the Individual Defendants; (iii) any subsidiary or affiliate of Tag-It; (iv) the directors, officers, managing directors, principals and partners of Tag-It; (v) any entity in which any excluded person has a controlling interest; and (vi) the legal representatives, heirs, successors and assigns of any such excluded person.  Also excluded from the Class are persons and entities who submitted valid and timely requests for exclusion in accordance with the Notice, who are listed on Schedule 1 hereto.

4.     The Notice given to the Class was the best notice practicable under the circumstances, including the individual notice to members of the Class who could be identified through reasonable effort.  The form, content and method of notifying the Class of the pendency and settlement of the action as a class action, the Settlement Hearing, and of the terms and conditions of the proposed Settlement, the applications for an award of Attorneys' Fees and Expenses, the Plan of Allocation, the application for awards for reimbursement of time and expense to the Lead Plaintiff, and other matters set forth in the Notice, to Persons entitled to such notice, met the requirements of Rule 23 of the Federal Rules of

Civil Procedure, §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.  The notifications, along with their accompanying materials, to the Federal and/or State Officials fully apprised the appropriate officials of this settlement and fully complied with all the procedural and substantive requirements of the Class Action Fairness Act, 28 U.S.C. §§1711 *et seq*.

5.    The Settlement set forth in the Stipulation is the product of substantial, good faith, arm's length negotiations, including mediations, between and among the parties.

6.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement set forth in the Stipulation and the Plan of Allocation set forth in the Notice are approved in all respects as fair, reasonable, and adequate, and in the best interests of the Class.  The Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7.    The Complaint, the Litigation, and all claims contained therein, including the Released Claims, are hereby dismissed with prejudice as to Lead Plaintiff and the Class, and as against all Released Persons (except as to any claim of those persons and entities identified in Exhibit 1 hereto, who have validly and timely requested exclusion from the Class by filing a request for exclusion in response to the Notice) and, except as provided in the Stipulation, the parties are to bear their own costs and fees.

8.    Upon the Effective Date, Lead Plaintiff and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims

Order and Final Judgment          -5-          Case No. 2:05-cv-07352-R(Ex)

against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim.

9.     Upon the Effective Date, Lead Plaintiff and all Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind (whether within the United States or not) asserting any of the Released Claims against any of the Released Persons.

10.     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Lead Plaintiff, Class Members, and Plaintiff's Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Litigation.

11.     Upon the Effective Date, all claims against any Defendants or Released Persons sounding in contribution or equitable indemnification arising out of, relating to, or in connection in any way with (i) the purchase or acquisition of Tag-It common stock on the open market during the Class Period; (ii) the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were, or could have been alleged, in the Litigation or any other forum, based upon, relating to or arising from the facts which were or could have been alleged in the Litigation; and (iii) the Complaint are hereby forever barred, enjoined or discharged pursuant to, inter alia, 15 U.S.C. §78u-4(f)(7) and, as a settlement made in good faith, pursuant to, *inter alia*, Cal. Civ. Proc. Code § 877.6.

12.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an

Order and Final Judgment            -6-            Case No. 2:05-cv-07352-R(Ex)

admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, or (c) construed as or received in evidence as an admission, concession or presumption against the Lead Plaintiff or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.  The Stipulation may be filed in an action to enforce or interpret the terms of the Stipulation, the Settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. Defendants and/or the other Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     Any order approving or modifying the Plan of Allocation set forth in the Notice, the application for Attorneys' Fees and Expenses, or any application for reimbursement of time and expenses to the Class Representatives, shall not disturb or affect the finality of this Judgment, the Stipulation or the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement.

14.     The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

15.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementing this Settlement and

Order and Final Judgment            -7-            Case No. 2:05-cv-07352-R(Ex)

any award or distribution from the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund, including the administration of all claims submitted; (c) hearing and determining applications for attorneys' fees, interest and reimbursement of expenses in the Action; (d) hearing and determining any application for payment to the Lead Plaintiff for reimbursement of his time and expenses; and (e) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

16.    This Judgment and all provisions thereof, and the Settlement, shall bind each Class Member whether or not that Class Member files a Proof of Claim or receives an allocation of settlement proceeds.

17.    Defendants and the other Released Persons, including their respective insurers, shall have no responsibility for the administration of the Settlement.

18.    The parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.  In the event that the Settlement does not become effective in accordance with the terms of the Stipulation then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

19.    There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: _December 7, 2009

_____
The Honorable Manuel L. Real
UNITED STATES DISTRICT JUDGE

Order and Final Judgment            -8-            Case No. 2:05-cv-07352-R(Ex)